UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| Elise Johnson ) | Case No. |
| ) | Chapter 13 |
| SSN: XXX-XX-3743 ) | Hearing Date: |
| ) | Hearing Time: |
| Debtor(s) ) | Hearing Loc: |
| ) | |

**CHAPTER 13 PLAN**

| 1.1 | A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor. | ___ Included<br>_X_ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest. | ___ Included<br>_X_ Not Included |
| 1.3 | Nonstandard provisions set out in Part 5. | ___ Included<br>___ Not Included |

**Part 1.**  **NOTICES**

**TO DEBTORS:**  This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri.  **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS:  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**  You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.  If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.**  **PLAN PAYMENTS AND LENGTH OF PLAN**

2.1  **Plan Payments**.  **Debtor is to make regular payments to the Chapter 13 Trustee as follows:  (complete one of the following payment options)**

   (A)  $**855.00** per month for **60** months.

   (B)  $_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

(C) A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20____.

2.2   **Tax Refunds**. Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan. The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3   **Additional Lump Sums**. Debtor shall send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

**Part 3.   DISBURSEMENTS**

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1   **Trustee**.   Pay Trustee a percentage fee as allowed by law.

3.2   **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD (6 months or less) |
|---|---|---|
|  |  | 6 Months |

3.3   **Pay the following sub-paragraphs concurrently:**

(A) **Post-petition real property lease payments**. Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| Michelle Rickman | $975.00 |

(B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|

(C) **Continuing Debt Payments (including post-petition mortgage payments on real estate, other than Debtor's residence.)** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

CREDITOR NAME        MONTHLY PAYMENT

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

CREDITOR NAME        MONTHLY PAYMENT        BY DEBTOR/TRUSTEE

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

CREDITOR NAME        TOTAL AMOUNT DUE        INTEREST RATE

3.4    **Attorney Fees**. Pay Debtor's attorney $**1900.00** in equal monthly payments over **18** months (no less than 18 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5    **Pay the following sub-paragraphs concurrently**:

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

CREDITOR NAME    TOTAL AMOUNT DUE    CURE PERIOD        INTEREST RATE
                                     36 Months

(B) **Secured claims to be paid in full**. The following claims shall be paid in full in equal monthly payments over the period set forth below with 6.75**%** interest:

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| Progressive | $4036.00 | 60 Months | $4766.55 |
| Credit Acceptance | $30868.11 | 60 Months | $36455.47 |

3

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 6.75**%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

CREDITOR            BALANCE DUE       FMV         REPAY PERIOD         TOTAL w/ INTEREST

(D) **Co-debtor debt paid in equal monthly installments**. The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, such claim(s) shall be paid in equal monthly installments over the period and with interest as identified below:

CREDITOR     EST BALANCE   TRUSTEE/CO-DEBTOR    PERIOD        INTEREST RATE

(E) **Post Petition Fees and Costs**. Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6     **Additional Attorney Fees**.    Pay $**2400.00** of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7     **Pay sub-paragraphs concurrently**:

(A) **Unsecured Co-debtor Guaranteed Claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below:

CREDITOR NAME     EST TOTAL DUE         TRUSTEE/CO-DEBTOR    INTEREST RATE

(B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s):

CREDITOR            TOTAL DUE           TOTAL AMOUNT PAID BY TRUSTEE

4

3.8     **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| MDOR | $1800.00 |
| St Louis County Collector of Revenue | $1258.59 |

3.9     **Pay the following sub-paragraphs concurrently**:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $**178486.31**. Amount required to be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: $**0.00**. Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: $**0.00**. Debtor guarantees a minimum of **$0.00** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s). (Choose one).

☐ Any deficiency shall be paid as non-priority unsecured debt.

☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral.

| CREDITOR | COLLATERAL |
|---|---|
|  |  |

(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance will be paid as non-priority unsecured debt:

| CREDITOR | CONTRACT/LEASE |
|---|---|
|  |  |

**Part 4.**     **OTHER STANDARD PLAN PROVISIONS**

4.1     Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2     All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3     The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4     The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5     Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6     Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7     All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328.  However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8     Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such claimant.

**Part 5.**     **NONSTANDARD PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

**5.1** _____
_____
_____

**5.2** _____
_____
_____

**Part 6.**     **VESTING OF PROPERTY OF THE ESTATE**

6.1     Title to Debtor's property shall re-vest in Debtor(s) upon confirmation.

**Part 7.**     **CERTIFICATION**

**The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri,  other than any Nonstandard Plan Provisions in Part 5.**

DATE:5/7/2019          DEBTOR:/s/ Elise Johnson_____
                                       Elise Johnson
DATE:_____          DEBTOR:_____


DATE:5/7/2019          /s/ Jack J Adams_____
                       Jack J Adams #37791MO #37791
                       Attorney for Debtor(s)
                       1 Mid Rivers Mall Dr., Suite 200
                       St. Peters, MO 63376
                       Ph: 636-397-4744 fax 636-397-3978
                       Contact@thinkadamslaw.com

6

## **CERTIFICATION OF SERVICE**

I.　　I certify that a true and correct copy of the foregoing document was filed electronically on May 12, 2019 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.


II.　　I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, address to those parties listed on the Court's Manual Notice List and listed below on May 12, 2019

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

US Attorney - Eastern District of MO
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
Saint Louis, MO 63102

Office of The United States Trustee
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 6th Floor
Saint Louis, MO 63102

Missouri Department of Revenue
Collection Enforcement
Taxation Division
P.O. Box 854
Jefferson City, MO 65105

Experian
475 Anton Blvd.
Costa Mesa, CA 92626

TransUnion
PO Box 2000
Crum Lynne, PA 19022

Equifax
1550 Peachtree St NW
Atlanta, GA 30309

Driver License Bureau
301 W High Street
Room 470
Saint Louis, MO 63105

Region 7 Coordinator, Office of Regional
U.S. Environmental Protection Agency
901 N 5th Street
Kansas City, KS 66101

Advance Financial
100 Oceanside Drive
Nashville, TN 37204

Americash
10026 W Florissant Avenue
Saint Louis, MO 63136

Automobile Club of South
4120 International Parkway
Suite 1100
Carrollton, TX 75007

Capital Bank
PO Box 9224
Old Bethpage, NY 11804

Cash America
c/o JTM Firm
111 North Orange
Orlando, FL 32801

Cashnet
6800 Jericho Turnpike
Suite 113E
Syosset, NY 11791

CCS Collections
725 Canton Street
Norwood, MA 02062

Charter Communications
PO Box 57547
Jacksonville, FL 32241

Choice Recovery
PO Box 20790
Columbus, OH 43220

Christian Hospital
11133 Dunn Road
Saint Louis, MO 63136

Credit Acceptance Corporation
25505 West Twelve Mile Road
Southfield, MI 48034

8

Credit Financial Services
15 W Scienic Point Drive
Suite 350
Draper, UT 84020

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193

CVS Caremark
CVS Headquarters One Drive
Woonsocket, RI 02895

Directv
1130 Northchase Parkway
Suite 150
Marietta, GA 30067

Emergency Physicians
10800 E Bethany Drive
Suite 450
Aurora, CO 80014

Enhanced Recovery
8014 Bayberry Road
Jacksonville, FL 32256

Exeter Finance
PO Box 166008
Irving, TX 75016

Fingerhut
6250 Ridgewood Drive
Saint Cloud, MN 56303

First Premier Bank
3820 N. Louise Avenue
Sioux Falls, SD 57107

First Progress
PO Box 84010
Columbus, GA 31908

First Savings Credit Card
500 E 60th Street North
Sioux Falls, SD 57104

Jefferson Capital Systems
16 McLeland Road
Saint Cloud, MN 56303

Kenneth Bini
12412 Powerscourt Drive Ste 225
Saint Louis, MO 63131

King of Kash
23 Florissant Oak Shopping Center
Florissant, MO 63031

Kohls Department Store
PO Box 3115
Milwaukee, WI 53201-3115

Lend You Cash
275 Northpointe Parkway
Suite 80
Buffalo, NY 14228

Light Rx
12519 A Olive Blvd
Saint Louis, MO 63141

Maple Ridge Capital
PO Box 10110
Columbia, MO 65205

Matthew McCormick
PO Box 10110
Columbia, MO 65205

Missouri Department of Revenue
Bankruptcy Unit
PO Box 475
301 W High Street
Jefferson City, MO 65105

Navient
PO Box 9653
Wilkes Barre, PA 18773

Progressive Insurance
PO Box 607
Norwood, MA 02062

1

Progressive Leasing
PO Box 413110
Salt Lake City, UT 84141

Sequium Asset
1130 North Chase Parkway
Suite 150
Marietta, GA 30067

Six Flags Membership
PO Box 60
Eureka, MO 63025

Smile Direct
414 Union Street, 8th Floor
Nashville, TN 37219

Southwest Credit Services
4120 International Parkway
Suite 1100
Carrollton, TX 75007

Speedy Cash
c/o AD Astra Services
7330 W 33rd St. North
Wichita, KS 67205

St Louis Behavioral Health
1550 Old Henderson Road
Columbus, OH 43220

St Louis County Collector of Revenue
41 South Central Avenue
Saint Louis, MO 63105

Sun Loan
9000 St Charles Rock Rd
Saint Louis, MO 63114

The Loan Machine
2158 Chambers
Saint Louis, MO 63136

Wakefield and Associates
10800 E. Bethany D. Ste. 450
Aurora, CO 80014

Washington Physicians
660 S. Euclid Avenue
Saint Louis, MO 63110

World Acceptance Corp
c/o JH Portfolio Debt
5757 Phantom Drive
Suite 225
Hazelwood, MO 63042

                                          /s/ Susan W Shannon
                                          Susan W Shannon, BK Paralegal